

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JONATHAN D.,[1]

    Plaintiff,

v.                                            20-CV-1875 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## DECISION AND ORDER

Plaintiff Jonathan D. brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act ("Act"), seeking review of the decision made by the Commissioner of the Social Security Administration ("Commissioner") finding that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 16. The Commissioner responded and cross-moved for judgment on the pleadings. Dkt. 18. For the reasons below, the Court grants in part and denies in part Plaintiff's motion and denies the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Title XVI Social Security Supplemental Security Income ("SSI") filed on February 15, 2019.[2] Tr. 166-71.[3] Plaintiff alleged that he had been disabled since February 1, 2016. Tr. 166. Plaintiff's application was initially denied and upon reconsideration. Tr. 144-49, 150-61. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 91-101.

On June 2, 2020, Plaintiff had a hearing before ALJ Moises Penalver, during which Plaintiff was represented by counsel. Tr. 12-45. Following the hearing, ALJ Penalver issued an opinion finding that Plaintiff was not disabled as defined by the Act. Tr. 76-87. Plaintiff requested Appeals Council review, which was denied, after which he commenced this action. Tr. 1-11; Dkt. 1.

## LEGAL STANDARDS

### I.  District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the

---

[2] Plaintiff applied for SSI, which "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted). The Social Security Administration uses the same five-step evaluation process to determine eligibility for both disability insurance benefits ("DIB") and SSI programs under the Act. *See* 20 C.F.R §§ 404.1520(a)(4) (concerning DIB); 416.920(a)(4) (concerning SSI).

[3] The filing at Dkt. 14 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 14 are hereby denoted "Tr. __."

2

correct legal standards were applied. 42 U.S.C. §§ 405(g), 1383(c)(3); *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The Commissioner's factual findings are conclusive when supported by substantial evidence. *Johnson*, 817 F.2d at 985. "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deference. *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1988); *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant with be deprived of the right to have his disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986; *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that a court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act").

II.     **Disability Determination**

Disability under the Act is determined under a five-step test. 20 C.F.R. § 416.920(a)(4). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial work

3

activity" is work activity that involves significant physical or mental activities. 20 C.F.R. § 416.972(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.920(d), 416.925, 416.926. If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 416.920(e), 416.945, 416.946. The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past

4

relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. § 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. § 416.960(c). Here, the burden of proof shifts from the claimant to the ALJ to prove that a significant number of jobs in the national economy exist that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(g), 416.960(c); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. The ALJ's Decision

Here, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his application date of February 15, 2019. Tr. 78. He also found that Plaintiff suffered from the following severe impairments: schizoaffective disorder, neurocognitive disorder, attention deficit disorder, and variable blood pressure, with syncope, asthma, and obesity. *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. Tr. 79-81.

Finally, after considering the entire record, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), with the following limitations:

> [Plaintiff] can lift or carry up to 20 pounds occasionally and 10 pounds frequently, and sit, stand[,] and walk up to six hours each

> in an eight-hour workday, with regularly scheduled breaks; can never climb ladders, ropes[,] and scaffolds, nor balance or crawl; can frequently climb ramps/stairs, stoop, crouch[,] and kneel, but must avoid all exposure to dangerous moving machinery and unprotected heights; must avoid concentrated and frequent exposure to bronchial irritants such as noxious fumes, odors, dust[,] and gasses; is limited to simple, routine[,] and repetitive tasks, and limited to low stress jobs, defined as positions with no more than occasional decision-making and occasional changes in work setting; must avoid all fast-paced work environments, defined as constant activity with work tasks performed sequentially in rapid succession; can tolerate no more than frequent interaction with co-workers and supervisors, and no more than occasional interaction with the public; requires breaks every hour lasting for three to four minutes, in addition to regularly scheduled breaks.

Tr. 81.

The ALJ found that Plaintiff did not have any past relevant work, but he concluded that Plaintiff was not disabled as defined by the Act because Plaintiff's age, education, work experience, and RFC allowed him to perform jobs that exist in significant numbers in the national economy. Tr. 85-86. Therefore, according to the ALJ, Plaintiff was not entitled to SSI following his application date of February 15, 2019. Tr. 87.

## II. Plaintiff's Argument for Reversal

Plaintiff makes three arguments for reversal and for the Court to remand solely for the calculation of benefits. Dkt. 16-1, at 4-5. First, Plaintiff asserts that the ALJ erred at step three by considering only listings 12.04 and 12.11, and not the "more pertinent" listing of 12.05. *Id.* at 4. Second, Plaintiff claims that the ALJ failed to incorporate the opinion of a Ms. Campbell-Julien in formulating the RFC determination. *Id.* Lastly, Plaintiff argues that the ALJ's finding that he would

6

need breaks of four to five minutes every hour was arbitrary and not supported by substantial evidence. *Id.* at 4-5. As set forth below, the Court finds that remand is appropriate in this case because the ALJ failed to consider Plaintiff's alleged intellectual disability at step two, and this error permeated through the remaining steps of the disability determination.[4]

### III. Analysis

In a claim for benefits, "[t]he claimant has the general burden of proving that he or she has a disability within the meaning of the Act, and bears the burden of proving his or her case at steps one through four[.]" *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)) (internal quotation marks omitted).

### A. The ALJ failed at step two by not considering an intellectual disability as one of Plaintiff's medically determinable impairments.

Plaintiff argues that the ALJ erred by only considering listings 12.04 and 12.11, and not the "more pertinent" listing of 12.05, at step three of the disability determination. Dkt. 16-1, at 4; *see* 20 C.F.R. § 404, Subpart P, Appendix A (discussing listings 12.04 and 12.11, which involve "depressive, bipolar[,] and related disorders" and "neurodevelopmental disorders," respectively). The Court notes that the ALJ likely did not consider listing 12.05 at step three because he did not find that Plaintiff's alleged intellectual disability was a medically determinable

---

[4] Because the Court finds that the ALJ erred at step two, it declines to address Plaintiff's arguments regarding the potential errors made during the step three and RFC determinations. *Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96 (W.D.N.Y. 2020).

impairment at step two. Tr. 78. A review of the entire record, however,[5] demonstrates that the ALJ's failure to consider Plaintiff's alleged intellectual disability at step two was error. Tr. 255, 1304, 1414.

Plaintiff's full-scale IQ score was found to be less than 70 on three separate occasions. Tr. 442, 1304, 1414; *see* 20 C.F.R. § 404, Subpart P, Appendix 1 (stating that a "significantly subaverage general intellectual functioning" under listing 12.05 may be evidenced by a full-scale IQ score of 70 or below). Additionally, in a previous application for benefits, an ALJ determined one of Plaintiff's severe impairments at step two to be a mild intellectual disorder. Tr. 251; *see Dubuc v. Comm'r of Soc. Sec.*, No. 19-CV-389-FPG, 2020 WL 3619865, at *2 (W.D.N.Y. July 2, 2020). In light of this evidence provided by Plaintiff, it was error for the ALJ to not discuss whether Plaintiff's alleged intellectual disability constituted a medically determinable impairment.

Any error at step two is generally harmless if the ALJ continues with the sequential evaluation process and considers all the claimant's impairments during subsequent steps. *See Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (holding an ALJ's exclusion of two impairments from his step two review as harmless error "[b]ecause these conditions were considered during the subsequent steps"). "Despite this harmless error doctrine, there is case law to suggest that it

---

[5] The Court is curious as to why the ALJ did not consider any evidence predating Plaintiff's SSI application on February 22, 2019, or why the Commissioner argues that this evidence is irrelevant. Dkt. 18-1, at 7. *See* 20 C.F.R. § 404, Subpart P, Appendix 1 (discussing how intellectual disorders under listing 12.05 must manifest themselves before the claimant turns twenty-two).

does not always apply, especially in relation to a mental impairment." *Howard v. Comm'r of Soc. Sec.*, 203 F. Supp. 3d 282, 297 (W.D.N.Y. 2016).

Here, the ALJ did not consider Plaintiff's alleged intellectual disability at step two or step three of the analysis, and as such, the Court "cannot say that the ALJ properly assessed a combination of Plaintiff's impairments, severe and non-severe, during the remaining steps." *Howard*, 203 F. Supp. 3d at 298. Therefore, remand is appropriate for the ALJ to consider Plaintiff's alleged intellectual disability at steps two and three.

### B. Remand solely for the calculation of benefits is not appropriate in this case.

Plaintiff requests that the Court remand this case solely for the calculation of benefits. Dkt. 16-1, at 5. Remand for the calculation of benefits is appropriate only where the record contains "persuasive proof of disability" and there is "no apparent basis to conclude that a more complete record might support the Commissioner's decision . . . ." *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999); *see Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)) (determining that a court should remand for the calculation of benefits only in rare circumstances in which the record contains "persuasive proof of disability").

In this case, although the Court finds that the ALJ erred at steps two and three of the disability determination, it cannot say that the record contains persuasive proof of Plaintiff's disability, so a remand solely for the calculation of benefits would be inappropriate.

9

## CONCLUSION

For these reasons, the Court **DENIES** the Commissioner's motion for judgment on the pleadings (Dkt. 18) and **GRANTS** in part and **DENIES** in part Plaintiff's motion for judgment on the pleadings (Dkt. 16). The decision of the Commissioner is **VACATED**, and the matter is **REMANDED** for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:   October 24, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE